IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN L. RASHIN,           )
                           )
       Plaintiff,          )
                           )  No. 13 C 1176
   v.                      )
                           )  Magistrate Judge
CAROLYN W. COLVIN,[1]      )  Jeffrey T. Gilbert
ACTING COMMISSIONER OF     )
SOCIAL SECURITY,           )
                           )
       Defendant.          )

**MEMORANDUM OPINION AND ORDER**

Claimant Robin Rashin ("Claimant") brings this action under 42 U.S.C. § 405(g) seeking reversal or remand of the decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income under Title XVI of the Social Security Act. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment. ECF No. 9.

This matter is before the Court on the parties' cross-motions for summary judgment. ECF Nos. 17, 26. For the reasons discussed herein, the Commissioner's motion for summary judgment (ECF No. 26) is denied. Claimant's motion for summary judgment (ECF No. 17) is granted, and this matter is remanded to the Social Security Administration ("SSA") for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in the case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

Claimant filed an application for supplemental security income on December 8, 2009, alleging a disability onset date beginning December 1, 1998. R. 15. The SSA initially denied the application on April 22, 2010, and upon reconsideration on August 4, 2010. *Id.* Claimant filed a timely request for an administrative hearing on September 28, 2010, which was held before an administrative law judge ("ALJ") on August 23, 2011. *Id.* Claimant personally appeared and testified at the hearing, and she was represented by counsel. *Id.* Lee Knutson, a vocation expert, and Dawn De Boer-La Pole, Claimant's stepsister, also appeared and testified at the hearing. *Id.*

The ALJ issued a written decision on September 8, 2011, finding Claimant not disabled under the Social Security Act. *Id.* at 12-32. At step one of the required five-step sequential evaluation process, the ALJ found that Claimant had not engaged in substantial gainful activity since her application date of December 8, 2009. *Id.* at 17. At step two, the ALJ found that Claimant had the severe impairments of fibromyalgia, myofascial pain syndrome, depression, and anxiety with panic attacks. *Id.* At step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526). *Id.*

The ALJ determined that Claimant had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), except that she could lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; sit, stand, and/or walk for about six hours each in an eight-hour workday; perform simple one- and two-step tasks at a consistent pace; should not be required to drive on the expressway; and should not have more

2

than occasional, brief, and superficial contact with the general public. *Id.* at 20. At step four, the ALJ found that Claimant had no relevant past work. *Id.* at 25. At step five, the ALJ found that there were jobs existing in significant numbers in the national economy that Claimant could perform, and therefore found that Claimant was not disabled under the Social Security Act. *Id.*

The Social Security Appeals Council denied Claimant's request for review on December 13, 2012, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6. Claimant seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ANALYSIS

Claimant argues that this matter should be reversed or remanded because (1) the ALJ's RFC determination lacks support in the record; (2) the ALJ failed to properly evaluate opinion evidence; (3) the ALJ's credibility determination is erroneous; and (4) the ALJ failed to properly consider the nature of Claimant's conditions. Cl.'s Br., ECF No. 17. After reviewing the parties' briefs and the administrative record, the Court concludes that the ALJ erred in failing to consider the medical opinions of Dr. Kristi Dickson. Therefore, remand is appropriate.

**A. The ALJ erred in failing to consider the medical opinions of Dr. Kristi Dickson.**

Claimant argues that the ALJ erred in failing to consider the medical opinions of her treating physician, Dr. Kristi Dickson. Cl.'s Br. 8-9, ECF No. 17. For the reasons discussed below, the Court agrees, and further finds that the ALJ's error was not harmless. Remand is therefore appropriate.

"In making her decision, an ALJ must articulate, at some minimum level, her analysis of the evidence." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001), citing *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). While an ALJ is not required to address every piece

3

of evidence in the record, she "may not ignore an entire line of evidence that is contrary to [her] ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (internal citations omitted). "Otherwise, it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence." *Id.*, citing *Smith v. Apfel*, 231 F.3d 433, 438 (7th Cir. 2000).

Nowhere in the twelve-page decision denying Claimant disability benefits does the ALJ mention Dr. Dickson, let alone her opinions in support of Claimant. The Commissioner concedes this point, but argues that the omission was harmless error. Comm.'s Br. 11-13, ECF No. 26. The Court cannot agree with the Commissioner's harmless error argument. Indeed, the ALJ's failure to mention any evidence from Dr. Dickson is particularly egregious here because the administrative record includes plenty of evidence from Dr. Dickson that is supportive of Claimant's disability claim.

For example, Dr. Dickson's February 19, 2008 treatment note explains that Claimant "has tenderness in all of the classic paired tender points including the neck, upper back, lower back, bilateral trochanters, bilateral lateral epicondyles, bilateral anserine bursa, and her anterior chest." R. 517. Dr. Dickson opined that Claimant's fibromyalgia symptoms "have been debilitating," and stated that Claimant "has had numerous modalities of treatment without any significant relief." *Id.* She noted "significant limitations" in Claimant's ability to drive, sit, stand, and do any repetitive work with her upper extremities. *Id.* Ultimately, Dr. Dickson opined, "I do think it is appropriate to consider [Claimant] disabled by her fibromyalgia." *Id.*

Dr. Dickson was deposed in a separate matter on May 12, 2008, during which she reiterated her opinion that Claimant's fibromyalgia symptoms were severe. Dr. Dickson stated that one a scale of one to ten, based on the fibromyalgia patients she had treated, Claimant's symptoms were an eight and were "towards the more extreme" end of the spectrum. R. 1129.

4

She again opined that Claimant's fibromyalgia rendered her unable to reliably obtain and perform a full-time job. *Id.* at 1145. In support of her opinion, Dr. Dickson cited her "long-term knowledge of [Claimant's] symptoms and her physical findings that support the diagnosis." *Id.* Notably, Dr. Dickson explained that she could typically identify a malingering patient, and that Claimant was being truthful about her pain. *Id.* at 1116-17, 1127.

An August 24, 2010 letter to Claimant from Dr. Dickson offers further support. The letter reiterates that Claimant had "severe symptoms of fibromyalgia." *Id.* at 1385. The letter further details a physical examination performed that day, which revealed "numerous classic fibromyalgia tender points in [the] neck, upper back, lower back, bilateral hips, bilateral elbows right greater than left [sic], [the] right knee, [the] anterior chest, and [the] sternocleidomastoid muscles," as well as "some decreased range of motion in all directions of [the] cervical spine due to pain." *Id.* at 1388. Again, Dr. Dickson opined, "I do think you have disabling symptoms from the fibromyalgia . . . . While I do think on some days you would be able to tolerate a sedentary job, I think you would have difficulty commuting to work and being present on any consistent basis." *Id.* at 1390.

Despite the abundance of supportive evidence from Dr. Dickson, the Commissioner nevertheless argues that the ALJ's failure to discuss this evidence is harmless "because Dr. Dickson based her opinion almost entirely on the same subjective complaints that the ALJ thoroughly considered and discredited." Comm.'s Br. 11-12, ECF No. 26. The Court first points out that Dr. Dickson diagnosed Claimant with fibromyalgia and, as the Seventh Circuit has explained, fibromyalgia is "a common, but elusive and mysterious, disease" whose "symptoms are entirely subjective," with no objective clinical tests available to confirm its presence or severity. *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996).

5

In other words, objective findings simply do not exist. Perhaps the closest thing to objective evidence of fibromyalgia is the existence of multiple tender spots at fixed locations on the body. *See id.* (noting 18 tender spots at fixed locations on the body as a "principal symptom" of fibromyalgia). Dr. Dickson's evidence references these "classic fibromyalgia tender points" on multiple occasions. *See, e.g.*, R. 517, 1388. Thus, to the extent the Commissioner's argument is based on the fact that Dr. Dickson's treatment notes are not supported by objective findings, it is unpersuasive.

Nor can the Commissioner rely on the ALJ's adverse credibility finding to substantiate its argument that the ALJ need not have mentioned Dr. Dickson's opinions. Dr. Dickson explicitly stated that she found Claimant to be "truthful in the pain that she's having." *Id.* at 1127. The Commissioner is correct that the ALJ discredited Claimant's subjective complaints, and the Court declines to determine whether the ALJ was "patently wrong" in that regard. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010) ("[W]e reverse credibility determinations only if they are patently wrong."). That determination is not necessary, however, for the Court's finding that the ALJ's error here was harmful. Dr. Dickson's opinion that Claimant is "truthful" is directly contrary to the ALJ's adverse credibility finding. While the ALJ was not required to address every piece of evidence in the record, she was not entitled to ignore an entire line of evidence contrary to her ruling. *Golembiewski*, 322 F.3d at 917 (7th Cir. 2003).

The Commissioner also argues that Dr. Dickson does not deserve the deference afforded to treating physicians because she did not see Claimant frequently. Comm.'s Br. 12, ECF No. 26. This argument is irrelevant to the question of whether the ALJ's error was harmless. As set forth above, even if the ALJ had properly applied the treating physician rule and determined that Dr. Dickson's opinions were not controlling (or even if they warranted no weight at all), she was

6

still required to address those opinions in her decision. *Golembiewski*, 322 F.3d at 917 (an ALJ "may not ignore an entire line of evidence that is contrary to [her] ruling").

In any event, the ALJ did not properly apply the treating physician rule. The rule, codified at 20 C.F.R. § 404.1527(d)(2), "directs the [ALJ] to give controlling weight to the medical opinion of a treating physician if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence.'" *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) (quoting *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006)). If the ALJ does not give controlling weight to a claimant's treating physician, the regulations still require the ALJ to consider various factors in determining what weight, if any, to give to the treating physician's opinions. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). These factors include the length, nature, and extent of the treatment relationship; the frequency of examination; the physician's specialty; the types of tests performed; and the consistency and supportability of the physician's opinions. *Id.*

The ALJ said nothing of Dr. Dickson's treatment notes or opinions, let alone anything related to the factors set forth in the treating physician rule checklist. The Commissioner maintains that Dr. Dickson saw Claimant "only three times over several years" and that "Dr. Dickson did not 'treat' [Claimant], she sporadically evaluated [Claimant] when she requested evidence of impairments." Comm.'s Br. 12, ECF No. 26. That very well may be true. But, absent more information from the ALJ, the Court cannot discern whether the ALJ considered Dr. Dickson's opinions and determined they warranted no weight, or whether the ALJ simply failed to consider Dr. Dickson's opinions at all. In other words, the ALJ failed to "articulate, at some minimum level, her analysis of the evidence." *Dixon*, 270 F.3d at 1176. This error was not harmless. Remand is appropriate.

7

**B. Upon remand, the ALJ should revisit the other issues raised in Claimant's brief as appropriate.**

Claimant raises a number of other issues in her brief in support of summary judgment, including the ALJ's RFC determination, the ALJ's adverse credibility determination, and the weight assigned to various opinion evidence. The Court already has determined that remand is appropriate so that the ALJ can properly address Dr. Dickson's opinions. Therefore, the Court need not determine the remaining issues Claimant has raised in her brief. The ALJ should revisit these issues as necessary upon remand.

### III. CONCLUSION

For the reasons set forth above, Claimant's Motion for Summary Judgment (ECF No. 17) is granted, and the Commissioner's Motion for Summary Judgment (ECF No. 26) is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 24, 2015